STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Emails: sgubner@ebg-law.com
cweber@ebg-law.com

Special Litigation Counsel for Howard M. Ehrenberg,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>RUDERMAN CAPITAL PARTNERS, LLC,<br><br>Debtor.<br><br>EIN No. xxx-0994 | Case No. 2:09-bk-19539-ER<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS [11 U.S.C. §§ 544, 548(a)(1)(A) and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq.*]** |
| HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>TOBIAS VINCENT MAGUIRE aka TOBIAS MAGUIRE aka TOBEY MAGUIRE, an individual,<br><br>Defendant. | **<u>Status Conference</u>:**<br>**Date:** To be set.<br>**Time:** To be set.<br>**Place:** Courtroom 1568<br>United States Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

Plaintiff, Howard M. Ehrenberg, Chapter 7 Trustee (the "Trustee"), acting on behalf of the estate (the "Estate") of Debtor Ruderman Capital Partners, LLC (the "Debtor"), complaining of defendant Tobias Vincent Maguire aka Tobias Maguire aka Tobey Maguire, an individual ("Defendant"), alleges as follows:

## STATEMENT OF JURISDICTION AND PROCEEDINGS

1. On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the United States Code. The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(H). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Debtor's case under Title 11, Chapter 7 of the United States Code that is still pending.

3. Pursuant to 11 U.S.C. §544 and the Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment filed on or about June 5, 2009, the Trustee has standing to bring this adversary proceeding on behalf of the Estate.

4. This Complaint seeks to recover for the benefit of the Estate property fraudulently transferred by the Debtor to Defendant.

5. The Trustee is informed and believes, and based thereon alleges, that Defendant is an individual who, at all times herein mentioned, conducted business in, and/or resides in, the Central District of California.

## GENERAL ALLEGATIONS

6. The Trustee is informed and believes, and based thereon alleges, that the Debtor, was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

///

///

///

**RUDERMAN'S ARREST AND GUILTY PLEA IN RELATION TO OPERATING THE DEBTOR AS A PONZI SCHEME, AMONG OTHER THINGS**

7. The Trustee is informed and believes, and based thereon alleges, that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the Central District of California, Western Division). The Trustee is further informed and believes, and based thereon alleges that Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.

8. The Trustee is informed and believes, and based thereon alleges, that on or about August 6, 2009, the United States Department of Justice filed further information regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate counts), and willful failure to file a tax return (one count). Among other things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted to him by victim-investors as he had promised to do. Instead, without informing the victim-investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities."

9. The Trustee is informed and believes, and based thereon alleges, that on or about August 24, 2009 Ruderman pleaded guilty to all five criminal counts against him. The Trustee is further informed and believes, and based thereon alleges that Ruderman was sentenced by the District Court on or about January 11, 2010 to more than 10 years in federal prison.

10. The Trustee is informed and believes, and based thereon alleges, that the Debtor was a Ponzi scheme where incoming funds from investors in, and members of, the Debtor, were used to keep the operation going, to make distributions to other investors, and to pay for Ruderman's personal expenses and gambling losses at clandestine, high stakes poker games that were operated without any licenses or permits. As part of the scheme, funds invested in the

Debtor by investors were transferred to persons such as Defendant, who received the funds on account of Ruderman's gambling losses and on account of Defendant's gambling winnings. Defendant was not entitled to receive the transfers from the Debtor, which transfers were comprised of improperly-diverted investor funds.

## THE HIGH STAKES, CLANDESTINE POKER GAMES

11. The Trustee is informed and believes, and based thereon alleges, that commencing in or about Summer 2006 through March 2009, Ruderman was a player in regularly held, high stakes and clandestine "Texas Hold'em" poker games (the "Poker Games") that used a professional-type poker table and hired dealers. The Trustee is further informed and believes, and based thereon alleges, that the Poker Games were held at luxury locations such as The Four Seasons Hotel in Los Angeles, California, the Beverly Hills Hotel in Beverly Hills, California, The Peninsula hotel in Beverly Hills, California, and occasionally at private residences of the poker players.

12. The Trustee is informed and believes, and based thereon alleges, that the Poker Games were exclusive events, by invitation only, and that there was a regular roster of players consisting of wealthy celebrities, entrepreneurs, attorneys and businessmen. The Trustee is further informed and believes, and based thereon alleges, that the Poker Games were arranged by Molly Bloom, initially as an assistant to one of the poker players and then as a stand-alone business as Molly Bloom, Inc., a California corporation, and that Ms. Bloom and Molly Bloom, Inc.: (a) arranged for and provided luxury accommodations for the Poker Games; (b) communicated the date, time and location of the Poker Games, and coordinated the Poker Games; (c) hired the dealers for the Poker Games; (d) arranged for amenities such as food, alcohol and massages for the Poker Games; (e) kept track of winnings and losses of players at the Poker Games; (f) collected fees for arranging the Poker Games; and (g) arranged for the settlement of gambling winnings and losses between and among the players at the Poker Games.

13. The Trustee is informed and believes, and based thereon alleges, that the Poker Games were "controlled games" which were required to be licensed by federal, state and/or local

laws, rules and ordinances, as required by California law, and as set forth in California Penal Code § 337(j), California Business & Professions Code § 19800, *et seq.* (the "Gambling Control Act"), Business & Professions Code § 19923 and other pertinent state and local laws, rules and ordinances. The Trustee is informed and believes, and based thereon alleges, that § 337(j)(e)(1) states that poker is a "controlled game" as set forth in that statute and in California Business & Professions Code § 19805(g) and (k). The Trustee is informed and believes, and based thereon alleges, that the Poker Games were not licensed by the State of California, any local government or any other government branch or agency pursuant to California Business & Professions Code § 19850 and other pertinent state and local laws, rules and ordinances. The Trustee is informed and believes, and based thereon alleges, that Ms. Bloom and Molly Bloom, Inc. were not licensed poker game operators by the State of California, any local government or any other government branch or agency. The Trustee is informed and believes, and based thereon alleges, that the Four Seasons Hotel, The Beverly Hills Hotel, The Peninsula hotel and the private residences which hosted the Poker Games were not licensed establishments to conduct the Poker Games by the State of California, any local government or any other government branch or agency. The Trustee is informed and believes, and based thereon alleges, that the equipment used in the Poker Games (poker tables, decks of cards and other equipment) was not licensed or approved by the State of California, any local government or any other government branch or agency. The Trustee is informed and believes, and based thereon alleges, that neither Ms. Bloom nor Molly Bloom, Inc., nor the dealers for the Poker Games, were licensed or registered to deal at the Poker Games by the State of California, any local government or any other government branch or agency. The Trustee is informed and believes, and based thereon alleges, that neither Ms. Bloom nor Molly Bloom, Inc. ever submitted an application for any type of gambling license with the State of California or any county, city or municipality, and that neither Ms. Bloom nor Molly Bloom, Inc. provided evidence of their qualifications to conduct the Poker Games, including but not limited to: (1) evidence that would support a determination of their general character, integrity and ability to participate in, engage in, or be associated with, controlled gambling; and (2) information regarding the organization, financial structure, nature of the business to be

operated, including the names, personal and criminal history, fingerprints of all officers and directors, and the names addresses and number of shares held by all stockholders of record.

14. As the Poker Games, the operators of the Poker Games, the dealers for the Poker Games, the equipment used at the Poker Games and the locations of the Poker Games were unlicensed and improperly conducted pursuant to state and local laws, rules and ordinances, to the extent that a player were to "win" at one of the Poker Games and to the extent that the player was not paid for the winnings, the player had no legally enforceable contractual right to receive payment, and had no right to enforce the winnings in state or federal court.

**THE DEFENDANT RECEIVED TRANSFERS BASED ON RUDERMAN'S LOSSES IN THE HIGH STAKES, CLANDESTINE POKER GAMES**

15. The Trustee is informed and believes that the Defendant did not have any contractual or other relationship with the Debtor, that the Defendant was not a member of, investor in, or creditor of, the Debtor, and that the Defendant improperly received funds of the Debtor. The Trustee is further informed and believes that the Defendant received funds from the Debtor as payments for the personal gambling debts of Ruderman. The payment of the personal gambling debts of Ruderman was not an authorized or legal use of the funds of the Debtor, and was paid from funds of investors in, and members of, the Debtor.

16. The transfers to Defendant were paid from the Debtor's account at City National Bank and from Ruderman's personal account at City National Bank. However, Ruderman's personal account at City National Bank did not have a sufficient balance to pay for the transfers to Defendant, or to the other recipients of transfers relating to the Poker Games. The balances held in Ruderman's personal account, as of the 15th of each month, rounded to the dollar, were as follows:

| Date | Balance in Ruderman's City National Bank Account |
|---|---|
| 4/15/06 | $4,657 |
| 5/15/06 | $2,666 |

| Date | Balance in Ruderman's City National Bank Account |
|---|---|
| 6/15/06 | $1,318 |
| 7/15/06 | $84,971 |
| 8/15/06 | $81,738 |
| 9/15/06 | $54,792 |
| 10/15/06 | $23,780 |
| 11/15/06 | $1,101 |
| 12/15/06 | $51,819 |
| 1/15/07 | $16,344 |
| 2/15/07 | $914 |
| 3/15/07 | ($2,252) |
| 4/15/07 | $1,110 |
| 5/15/07 | $6,921 |
| 6/15/07 | $167,845 |
| 7/15/07 | $5,092 |
| 8/15/07 | $600 |
| 9/15/07 | $63,847 |
| 10/15/07 | $59,715 |
| 11/15/07 | $3,480 |
| 12/15/07 | $225,177 |
| 1/15/08 | $23,581 |
| 2/15/08 | $75,318 |
| 3/15/08 | $35,266 |
| 4/15/08 | $41,614 |
| 5/15/08 | ($3,586) |
| 6/15/08 | ($488) |
| 7/15/08 | $1,310 |

| **Date** | **Balance in Ruderman's City National Bank Account** |
|---|---|
| 8/15/08 | $10,263 |
| 9/15/08 | ($5,933) |
| 10/15/08 | $7,731 |
| 11/15/08 | $13,081 |
| 12/15/08 | $9,550 |
| 1/15/09 | $36,287 |
| 2/15/09 | $4,211 |
| 3/15/09 | $0 |

17. Based on the lack of sufficient funds in Ruderman's personal account at City National Bank to pay the losses from the Poker Games, Ruderman transferred funds from the Debtor to Ruderman's personal account at or about the time when the poker losses occurred and at or about the time when funds were transferred from Ruderman to Defendant. The transfers of funds from the Debtor to Ruderman solely were to pay for the transfers to Defendant and to pay for transfers to other individuals based on Ruderman's losses at the Poker Games.

**FIRST CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER**

**AGAINST DEFENDANT (ACTUAL INTENT)**

**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

18. The Trustee repeats and realleges the allegations in above paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. The Trustee is informed and believes and thereon alleges that during the seven-year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "A"** attached hereto and incorporated herein by this reference (the "7-Year Transfers") to the Defendant on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

20. By reason of the foregoing, the 7-Year Transfers are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a)(1) and 3439.07.

**SECOND CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFER**

**AGAINST DEFENDANT (ACTUAL INTENT)**

**[11 U.S.C. § 548(a)(1)(A)]**

21. The Trustee repeats and realleges the allegations in above paragraphs 1 through 17, inclusive, as though fully set forth herein.

22. The Trustee is informed and believes and thereon alleges that during the two year period immediately preceding the Petition Date, the Debtor made transfers of the Property listed in **Exhibit "B"** attached hereto and incorporated herein by this reference (the "2-Year Transfers") to Defendant on the dates and in the amounts set forth therein with the actual intent to delay, hinder or defraud the Debtor's creditors.

23. By reason of the foregoing, the 2-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

**THIRD CLAIM FOR RELIEF**

**AVOIDANCE OF FRAUDULENT TRANSFERS**

**AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)**

**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

24. The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

25. The Trustee is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date the Debtor made transfers of the Property listed in **Exhibit "C"** attached hereto and incorporated herein by this reference (the "4-Year Transfers") to Defendant. Each of the 4-Year Transfers was made without Debtor receiving a

reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

26. By virtue of the foregoing, the 4-Year Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**AVOIDANCE OF FRAUDULENT TRANSFERS**

**AGAINST DEFENDANT (CONSTRUCTIVE FRAUD)**

**[11 U.S.C. § 548(a)(1)(B)]**

27. The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

28. The Trustee is informed and believes and thereon alleges that each of the 2-Year Transfers (*see* Exhibit "B") was made without Debtor receiving a reasonably equivalent value in exchange for such transfer; and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

29. By virtue of the foregoing, the Fraudulent Transfers constituted fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

///

///

**FIFTH CLAIM FOR RELIEF**

**RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT**

**[11 U.S.C. § 550(a)(1) and (2)]**

30. The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

31. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 2-Year Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

**SIXTH CLAIM FOR RELIEF**

**RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT**

**[11 U.S.C. § 544 and California Civil Code § 3439.07]**

32. The Trustee realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

33. By reason of the foregoing, the Trustee is entitled to recover for the benefit of the Estate the 7-Year Transfers and the 4-Year Transfers from the Defendant pursuant to 11 U.S.C. § 544 and Civil Code § 3439.07.

**WHEREFORE**, The Trustee respectfully prays for judgment against the Defendant as follows:

1. On the first claim for relief, that the 7-Year Transfers be avoided for the benefit of the Estate;

2. On the second claim for relief, that the 2-Year Transfers be avoided for the benefit of the Estate;

3. On the third claim for relief, that the 4-Year Transfers be avoided for the benefit of the Estate;

4. On the fourth claim for relief, that the 2-Year Transfers be avoided for the benefit of the Estate;

5. On the fifth claim for relief, for relief as follows:

- to recover the value of the 2-Year Transfers from Defendant, for the benefit of the Estate, in the amount of $311,200.00, plus interest at the maximum legal rate from the date of the 2-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;

6. On the sixth claim for relief, for relief as follows:

- to recover the value of the 7-Year Transfers from Defendant, for the benefit of the Estate, in the amount of $311,200.00, plus interest at the maximum legal rate from the date of the 7-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein;
- to recover the value of the 4-Year Transfers from Defendant, for the benefit of the Estate, in the amount of $311,200.00, plus interest at the maximum legal rate from the date of the 4-Year Transfers, or such other amount as shall be shown by proof prior to judgment herein; and,

7. On all claims for relief; that the Trustee be awarded costs incurred in connection with this action;

8. For such other and further relief as this Court deems just and proper.

DATED: March 31, 2011

Respectfully submitted,

**EZRA BRUTZKUS GUBNER LLP**

By: /s/ Steven T. Gubner
Steven T. Gubner
Special Litigation Counsel for Plaintiff,
Howard M. Ehrenberg, Chapter 7 Trustee

**EXHIBIT A**

**7-YEAR TRANSFERS**

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 6/19/2007 | Tobey Maguire | $19,000.00 |
| 7/30/2007 | Tobey Maguire | $110,000.00 |
| 8/7/2007 | Tobey Maguire | $69,200.00 |
| 3/26/2008 | Tobey Maguire | $26,000.00 |
| 4/2/2008 | Tobey Maguire | $29,000.00 |
| 4/18/2008 | Tobey Maguire | $28,000.00 |
| 5/13/2008 | Tobey Maguire | $30,000.00 |
| **TOTAL** | | **$311,200.00** |

**EXHIBIT B**

**2-YEAR TRANSFERS**

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 6/19/2007 | Tobey Maguire | $19,000.00 |
| 7/30/2007 | Tobey Maguire | $110,000.00 |
| 8/7/2007 | Tobey Maguire | $69,200.00 |
| 3/26/2008 | Tobey Maguire | $26,000.00 |
| 4/2/2008 | Tobey Maguire | $29,000.00 |
| 4/18/2008 | Tobey Maguire | $28,000.00 |
| 5/13/2008 | Tobey Maguire | $30,000.00 |
| **TOTAL** | | **$311,200.00** |

**EXHIBIT C**

**4-YEAR TRANSFERS**

| TRANSFER DATE | PAYEE | AMOUNT |
|---|---|---|
| 6/19/2007 | Tobey Maguire | $19,000.00 |
| 7/30/2007 | Tobey Maguire | $110,000.00 |
| 8/7/2007 | Tobey Maguire | $69,200.00 |
| 3/26/2008 | Tobey Maguire | $26,000.00 |
| 4/2/2008 | Tobey Maguire | $29,000.00 |
| 4/18/2008 | Tobey Maguire | $28,000.00 |
| 5/13/2008 | Tobey Maguire | $30,000.00 |
| **TOTAL** | | **$311,200.00** |

<table>
<tr><td>Attorney of Party Name, Address. Telephone & FAX Numbers, and California State Bar Number<br>Steven T. Gubner, SBN 156593<br>Corey R. Weber, SBN 205912<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>T: (818) 827-9000; F: (818) 827-9099<br>sgubner@ebg-law.com<br>Special Litigation Counsel for Plaintiff Howard M. Ehrenberg, Chapter 7 Trustee</td><td>FOR COURT USE ONLY</td></tr>
<tr><td>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</td><td></td></tr>
<tr><td>In re:<br>RUDERMAN CAPITAL PARTNERS, LLC,<br>Debtor.</td><td>Chapter 7<br><br>Case Number 2:09-bk-19539-ER<br><br>Adversary Number</td></tr>
<tr><td>HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE,<br>Plaintiff(s),<br>vs.<br><br>TOBIAS VINCENT MAGUIRE aka TOBIAS MAGUIRE aka TOBEY MAGUIRE, an individual,<br>Defendant(s).</td><td>(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)<br><br>SUMMONS AND NOTICE OF STATUS CONFERENCE</td></tr>
</table>

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ____________________, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

- ☒ 255 East Temple Street, Los Angeles
- ☐ 411 West Fourth Street, Santa Ana
- ☐ 21041 Burbank Boulevard, Woodland Hills
- ☐ 1415 State Street, Santa Barbara
- ☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on a date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: ________________

KATHLEEN J. CAMPBELL
Clerk of Court

By: ________________________
Deputy Clerk

FORM B104 (08/07) — 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>HOWARD M. EHRENBERG, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>TOBIAS VINCENT MAGUIRE aka TOBIAS MAGUIRE aka TOBEY MAGUIRE, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>STEVEN T. GUBNER, SBN 156593<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 Tel: 818-827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548(a)(1)(A)and (B), 550(a)(1) and (2) and California Civil Code § 3439, *et seq.***

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [ ] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*
- [2] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $<br>$311,200.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RUDERMAN CAPITAL PARTNERS, LLC | | BANKRUPTCY CASE NO.<br>2:09-bk-19539-ER |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>Hon. Ernest M. Robles |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Steven T. Gubner | | |
| DATE<br>3/31/2011 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Steven T. Gubner , Ezra Brutzkus Gubner LLP,<br>Special Litigation Counsel for Plaintiff,<br>Howard M. Ehrenberg, Chapter 7 Trustee |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.
**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.